**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Janice Lozano, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  1:20-cv-11 |
| LVNV Funding, LLC, a Delaware limited liability company, and Resurgent Capital Services, LP, a Delaware limited partnership, | ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, Janice Lozano, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331. Moreover, Defendants' extensive business dealings here make them subject to this Court's general and specific jurisdiction.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; b) Plaintiff Janice Lozano resides here; and, c) Defendants transact substantial business here.

**PARTIES**

3. Plaintiff, Janice Lozano ("Lozano"), is a citizen of the State of Illinois,

residing in the Northern District of Illinois. Plaintiff is a consumer from whom Defendants attempted to collect a defaulted consumer debt, despite the fact that she had exercised her right to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, LVNV Funding, LLC, ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. LVNV operates a nationwide defaulted debt collection business, and attempts to collect debts, directly or indirectly, from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debts Defendants attempted to collect from Plaintiffs.

5. Defendant, Resurgent Capital Services, LP, ("Resurgent"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Resurgent operates a nationwide defaulted debt collection business, and attempts to collect debts, directly or indirectly, from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Resurgent was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt Defendants attempted to collect from Plaintiff.

6. Defendant LVNV is a bad debt buyer that obtains/buys large portfolios of defaulted consumer debts for pennies on the dollar. LVNV has no employees and acts through its sister company/"master servicer", Defendant Resurgent. Resurgent directs and controls LVNV. Resurgent oversees and maintains all debt files owned by LVNV, collects debts owed to LVNV on its own accord, and also hires other collection agencies to collect the debts purchased by LVNV.

7. Defendant LVNV's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

8. Defendants LVNV and Resurgent are authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants conduct extensive business in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Lozano is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Citi Card/Citibank ("Citibank") credit card account. In response to her financial problems, Ms. Lozano sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her debt problems, including the Citibank debt.

10. Accordingly, on August 10, 2018, one of Ms. Lozano's legal aid attorneys informed Citibank that Ms. Lozano was represented by counsel, and directed Citibank to cease contacting her, and to cease all further collection activities, because Ms. Lozano was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit B.

11. Thereafter, Defendants bought/obtained Ms. Lozano's alleged Citibank account, ignored the information in the account notes that told LVNV, as the successor-in-interest, that it could no longer call or write Ms. Lozano, and had an Illinois-based debt collector, Halsted Financial Services, send Ms. Lozano a collection letter, dated March 27, 2019, demanding payment of the Citibank debt. A copy of this collection letter is attached as Exhibit C.

12. Accordingly, on April 24, 2019, Ms. Lozano's legal aid attorneys had to inform Defendants, in writing yet again, that they represented Ms. Lozano, that she refused to pay the debt and that Defendants should cease communications. A copy of this letter and email confirmation are attached as Exhibit D.

13. Undeterred, Defendant then had another debt collector, Alpha Recovery Corp., send Ms. Lozano a collection letter, dated August 21, 2019, demanding payment of the Citibank debt. A copy of this collection letter is attached as Exhibit E.

14. Accordingly, on October 18, 2019, Ms. Lozano's legal aid attorneys had to inform Defendants, in writing yet again, that they represented Ms. Lozano, that she refused to pay the debt and that Defendants should cease communications. A copy of this letter and fax confirmation are attached as Exhibit F.

15. Defendants' violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to refuse to pay this debt and to demand that collection communications cease, Defendants' collection communications made Plaintiff believe that her demands had been futile and that she did not have the rights that Congress had granted her under the FDCPA.

16. Moreover, violations of the FDCPA which would lead a consumer to alter

his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendants' actions caused Plaintiff to question whether her counsel still represented her as to this debt, which upset and alarmed Ms. Lozano, and caused her stress and confusion as to whether she was required to pay the debt at issue.

17. Defendants, by taking over Plaintiff's alleged debt, stepped into the shoes of their predecessors-in-interest, "whatever the shoe size", see, Olvera v. Blitt & Gaines, P.C., 431 F.3d 285, 289 (7th Cir. 2005). Accordingly, they take both the part of the account that allowed for collection (name, address, contract, account balance and history), along with the part of the account that limits how it could be collected (attorney representation and refusal to pay) – namely, that collection letters and phone calls had to cease, and that the debts could then only be collected via credit reporting or litigation.

18. In fact, when Defendants purchased Plaintiff's defaulted debt, via a large portfolio of hundreds or thousands of defaulted consumer debts originally owed to Citibank, which likely was sold to several other entities on or near the same day that LVNV eventually acquired it, they were well aware that the accounts they had obtained contained, or likely contained, information about attorney representation and refusals to pay because:

- The Bill of Sale and/or Forward Flow/Asset Purchase Agreement indicated that accounts, including Ms. Lozano's account, were subject to written notices of attorney representation and/or refusal to pay demands;

- The price of the portfolio reflected that the accounts, including Ms. Lozano's account, were subject to limitations, including attorney representation and cease contacts demands, and;

5

- Defendants have received hundreds of similar claims/complaints regarding their collection of consumer debts subject to attorney representation/cease contacts demands over the last five years.

19. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

20. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

21. Plaintiff adopts and realleges ¶¶ 1-20.

22. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

23. Here, the letters from Plaintiff's attorneys to Defendant LVNV's predecessor-in-interest told Defendants to cease communications and cease collections. By directly communicating with Plaintiff regarding this debt and demanding payment, via collection letters, Defendants violated § 1692c(c) of the FDCPA.

24. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

6

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

25. Plaintiff adopts and realleges ¶¶ 1-20.

26. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

27. Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debt because her attorneys had given notice, in writing, to LVNV's predecessor-in-interest, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By directly sending Plaintiff collection letters, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

28. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### CLASS ALLEGATIONS

29. Plaintiff, Janice Lozano, brings this action individually and as a class action on behalf of all persons similarly situated in the United States, from whom Defendants attempted to collect a defaulted consumer debt, as to which LVNV's predecessors-in-interest had previously received a written notice of attorney representation/refusal to pay from LASPD, from one year before the date of this

Complaint to the present. This action seeks a finding that Defendants' collection actions violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

30. Defendants regularly engage in debt collection, using the same collection actions they used on Plaintiff, in their attempts to collect defaulted consumer debts from other consumers.

31. The Class consists of more than 35 persons from whom Defendants attempted to collect defaulted consumer debts by using the same collection actions that they used on Plaintiff Lozano.

32. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

33. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

34. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and

the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Janice Lozano, individually and on behalf of all others similarly situated, pray that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Lozano Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' collection actions violate the FDCPA;

4. Enter judgment in favor of Plaintiff Lozano and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Janice Lozano, individually and on behalf of all others similarly situated.

> Janice Lozano, individually and on behalf of all others similarly situated,
>
> By: s/ David J. Philipps
> One of Plaintiff's Attorneys

Dated: January 2, 2020

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com